**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:06-CV-0054-RWS |
| | : | |
| JAMES DONALD, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion to Dismiss [14]. After reviewing the entire record, the Court enters the following Order.

### Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 on December 28, 2005, alleging that Defendants violated his Eight Amendment right to be free from cruel and unusual punishment due to his exposure to environmental tobacco smoke ("ETS") while he was incarcerated within the Georgia prison system. Plaintiff also alleges that various officials retaliated against him in violation of the First Amendment.

AO 72A
(Rev.8/82)

By Order dated July 13, 2006 [4], the Court conducted a frivolity examination and determined that Plaintiff's claims were not frivolous. (See Order of July 13, 2006 [4] at 3-5.) But the Court withheld ruling on Plaintiff's *in forma pauperis* request. Observing that Plaintiff had been out of prison for eight months, the Court directed Plaintiff to provide proof of his indigent status or pay the requisite filing fee. (Id. at 5-9.) After failing to demonstrate that he was indigent, the Court ordered Plaintiff to pay a filing fee. (See Order of Jul. 31, 2006 [6].) Plaintiff, in response, tendered a filing fee.

Nine months passed with no activity in this case. On May 1, 2007, the Court entered an Order requiring Plaintiff to show cause as to why this case should not be dismissed for want of prosecution. (See Order of May 1, 2007 [7].) After a clerical error caused the improvident dismissal of this action, Plaintiff explained that he was under the mistaken impression, based upon his extensive litigation history in this Court during his incarceration, that the Court had to conduct a post-filing-fee frivolity review before the case could proceed. By Order dated June 25, 2007 [11], the Court concluded—even though the Court had previously concluded in its Order of July 31, 2006 that Plaintiff's claims were not frivolous—that Plaintiff, in view of his *pro se* status, had demonstrated good cause for his want of prosecution. Accordingly, the Court

2

directed Plaintiff to "immediately serve process on Defendants in this case and expeditiously prosecute a resolution of this case."  (Order of June 25, 2007 [11] at 2.)

Approximately three weeks later, on July 13, 2007, Plaintiff requested and was issued summonses by the Clerk of Court for all Defendants in this action [12].   And on October 10, 2007, [18], Plaintiff executed a return of service as to all Defendants in this action.  The returns of service indicate that Plaintiff attempted service on all Defendants on August 28, 2007—over two months after this Court allowed Plaintiff additional time and directed Plaintiff to "immediately" serve process on Defendants.

Defendants have since moved to dismiss this action, contending among other things that Plaintiff's attempt at service was untimely under Rule 4(m) and this Court's Order of June 25, 2007, and as such, this case should be dismissed without prejudice.  For the reasons that follow, the Court agrees that dismissal is warranted.

## Discussion

Federal Rule of Civil Procedure 4(m)[1] requires that a plaintiff serve a

---

[1] Rule 4(m) provides:

If a defendant is not served within 120 days after the

summons and complaint on all defendants within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Failure to do so mandates dismissal of the plaintiff's complaint unless the plaintiff can avail himself of one of two "safety hatches" provided by the Rule.  First, the plaintiff may demonstrate "good cause" to justify an extension of time.  Second, absent good cause, a court may extend the time in its discretion.  Lau v. Klinger, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999).

Here, it is undisputed that Plaintiff did not effectuate service on Defendants in this action within the 120-day window provided by Rule 4(m), whether it is measured from the date the Complaint was filed, the date of the frivolity determination, or the date Plaintiff tendered his filing fee in this action. However, by Order dated June 25, 2007 [11], the Court, in its discretion, extended the time for service, after concluding that Plaintiff had demonstrated good cause for his want of prosecution.  In that Order, the Court—despite the

---

> complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

AO 72A
(Rev.8/82)

passage of 18 months since the filing of the Complaint in this action—allowed

Plaintiff additional time and directed Plaintiff to "immediately serve process on

Defendants in this case and expeditiously prosecute a resolution of this case."

(Order of Jun. 25, 2007 [11] at 2.)

Because the Court extended service to the time "immediately" following

its June 25th Order, the Court must now examine three questions to determine

whether Plaintiff's attempt at service on August 28, 2007, was timely under

Rule 4(m).  First, the Court considers whether Plaintiff complied with the

dictates of the Court's Order of June 25, 2007, and timely served Defendants

under the extension granted in that Order.  Second, if the Plaintiff did not timely

comply with this Court's Order of June 25, 2007, then the Court must ask

whether Plaintiff has demonstrated, in response to Defendant's Motion to

Dismiss, good cause for effectuating service outside of the 120-day window

provided by Rule 4(m) and outside of the first extension of time he has

received.  And finally, if Plaintiff has failed to demonstrate good cause, the

Court must determine whether it should again exercise its discretion to extend

the time for service.

AO 72A
(Rev.8/82)

### A.      Compliance with the Court's Order of June 25, 2007

As an initial matter, the Court concludes that Plaintiff has not complied with its Order of June 25, 2007.  Despite this Court's directive to Plaintiff to "immediately" serve Defendants in this action, Plaintiff delayed three weeks to obtain summonses from the Clerk of Court, and then, inexplicably, delayed another six weeks before attempting service on Defendants on August 28, 2007. As a result of Plaintiff's delay, service was not first attempted until over two months after this Court's Order of June 25, 2007.  Even under the most liberal construction of the phrase "immediately serve," Plaintiff's attempt at service was manifestly untimely, and Plaintiff has failed to offer any evidence or argument to the contrary.

### B.      Good Cause

Having concluded that Plaintiff failed to serve Defendants either within the 120-day window of time afforded by Rule 4(m) or within the time immediately following this Court's Order of June 25, 2007, the Court must determine under Rule 4(m) whether Plaintiff has demonstrated "good cause" for his belated attempt at service.

The plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the 120-day deadline.  Sanders v. Fluor

<u>Daniel, Inc.</u>, 151 F.R.D. 138, 139 (M.D. Fla. 1993); <u>Wilson v. Prudential</u>

<u>Financial</u>, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) ("[W]here the plaintiff fails to

effect proper service within the 120-day time limit laid down by Rule 4(m), the

plaintiff carries the burden of showing good cause for that failure.").  To

demonstrate good cause, the Plaintiff must offer evidence that he (1) has

proceeded in good faith; (2) has a reasonable basis for noncompliance, (3) and

the basis for the delay was more than simple inadvertence or mistake.  <u>Id.</u>;

<u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991); <u>Horenkamp v. Van Winkle</u>

<u>and Co.</u>, 402 F.3d 1129, 1130-31 (11th Cir. 2005) (holding that mistake by

plaintiff is not good cause under Rule 4(m)).

 The Court finds that Plaintiff has failed to demonstrate good cause.  In

responding to Defendants' Motion to Dismiss, Plaintiff has offered no evidence

indicating that his two-month delay following this Court's Order of June 25,

2007, was caused by anything more than mere half-heartedness or inadvertence.

Because the record is devoid of any evidence that Plaintiff had a reasonable

basis for delaying two months after this Court's Order to immediately serve

Defendants in this action, the Court concludes that Plaintiff has failed to

demonstrate "good cause" for an additional extension of time.

**C.    Discretionary Extension**

Having determined that good cause does not exist under Rule(m) to extend the time for service, the Court then must consider whether it should dismiss Plaintiff's case or exercise its discretion to extend time for service. Although the text of Rule 4(m) might suggest the contrary, Rule 4(m) allows the exercise of judicial discretion to extend the deadline for service, even in circumstances where the plaintiff has not shown good cause for noncompliance with the 120-day service requirement.  See Horenkamp, 402 F.3d at 1132-33. A discretionary extension may be justified, for example, if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service.  Id. (citing Fed. R. Civ. P. 4(m) advisory committee note, 1993 Amendments).  However, "the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule."  Id. at 1133; see also Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("[A] district court may in its discretion still dismiss a case even after considering that the statute of limitations has run."); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process.  Rather,

absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.").

After due consideration and a review of applicable precedent, the Court finds that at least two factors weigh heavily against such an extension in this case, even if the refiling of this action is barred by the statute of limitations. First, the Court observes that it has already liberally exercised its discretion once extending the time for service.  Although the Court previously concluded that Plaintiff had demonstrated good cause for his want of prosecution of this action and granted Plaintiff the opportunity to "immediately" serve Defendants outside of the 120-day window of Rule 4(m), virtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)'s 120-day deadline.  See, e.g., Marozsan v. United States, 849 F. Supp. 617, 648-49 (N.D. Ind. 1994) (stating that "a number of courts have specifically held that a *pro se* litigant's ignorance of the Federal Rules does not establish good cause under Rule [4(m)'s predecessor,]"); Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 140 (M.D. Fla. 1993), aff'd 36 F.3d 93 (11th Cir. 1994) (rejecting argument that litigant's *pro se* status and ignorance of the Federal Rules

constitutes "good cause" for failing to effect service within Rule 4's 120-day

window). Such a result necessarily flows from the Supreme Court's

admonishment that:

> While we have insisted that the pleadings prepared by
> [litigants] who do not have access to counsel be
> liberally construed . . . we have never suggested that
> procedural rules in ordinary civil litigation should be
> interpreted so as to excuse mistakes by those who
> proceed without counsel.

McNeil v. U.S., 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993).

By virtue of this authority, reasonable jurists might have questioned whether

Plaintiff was entitled to an extension in the first instance. But it is exceedingly

doubtful that reasonable jurists could debate whether Plaintiff is entitled to a

second discretionary extension.

 Second, Plaintiff's delay in this action has been exclusively the result of

his own dilatory conduct. Plaintiff neglected to promptly move the Court for an

extension of time after the Court's Order of June 25, 2007, ordering Plaintiff to

"immediately serve" Defendants in this action. Finally, Plaintiff has failed to

supplement his response to Defendant's Motion to Dismiss with any evidence

supporting an additional extension of time. In sum, Plaintiff's conduct in this

litigation militates against the provision of discretionary relief. See, e.g.,

10

<u>Marozsan</u>, 849 F. Supp. at 648 (citing plaintiff's failure to request an extension during 120-day window as reason to deny extension).

Simply stated, this Court finds nothing in the record before it to justify the exercise of its discretion in favor of departing from the presumptions established by Rule 4(m).  Rather, it concludes that permitting Plaintiff to prosecute this case, notwithstanding his failure to comply with basic rules of civil procedure, would be prejudicial to Defendants and constitute an improvident waste of judicial and litigant resources.  <u>See</u>, <u>e.g.</u>, <u>McInerney v. San Francisco Housing Auth.</u>, 196 F. App'x 485 (9th Cir. 2006) (dismissal proper after plaintiff failed to serve defendants after 120-day period and 2-month extension); <u>Johnson v. New York City Bd. Of Educ.</u>, 23 F. App'x 70 (2d Cir. 2001) (dismissal proper after plaintiff waited seven weeks after learning of defective service within 120-day window to re-attempt service); <u>Cintron v. Gonzalez</u>, 247 F. Supp. 2d 48, 61 (D. Puerto Rico 2003) (failure to seek extension of time during two months following expiration of 120-day period merits dismissal of action); <u>Patterson v. Brown</u>, 2008 WL 219965, at *15 (W.D.N.C. Jan. 24, 2008) (declining to extend time for service where Plaintiff was seeking "third bite at the apple," even where refiled action would be barred by statute of limitations).

Accordingly, Defendants' Motion to Dismiss [14] is **GRANTED**.

Plaintiff's claims in this action are hereby **DISMISSED without prejudice**.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss [14] is

**GRANTED**.  Plaintiff's claims in this action are hereby **DISMISSED without**

**prejudice**.


**SO ORDERED**, this  14th  day of April, 2008.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)